IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-190-BO

| | |
|---|---|
| ANTHONY RANDOLPH,  )<br>    Plaintiff,  )<br> )<br>v.  )<br> )<br>WELLS FARGO BANK, NATIONAL  )<br>ASSOCIATION; WELLS FARGO BANK,  )<br>N.A., Successor by Merger to Wells Fargo  )<br>Home Mortgage, Inc., SELECTIVE  )<br>HOMES, INC., and individual JOHN  )<br>DOES,  )<br>    Defendants.  ) | O R D E R |

This cause comes before the Court on plaintiff's motion to remand. No opposition to the motion has been filed. For the reasons discussed below, plaintiff's motion is granted and this matter is remanded to Pitt County Superior Court.

BACKGROUND

Plaintiff filed this action against defendants in Pitt County Superior Court arising out of his home mortgage default and asserting only state law claims. The Wells Fargo defendants removed the action to this Court based on diversity jurisdiction. 28 U.S.C. §§ 1441; 1332. After the denial of a motion to dismiss plaintiff's fraud claim, the Court allowed plaintiff's unopposed motion to file a second amended complaint. That complaint added Selective Homes, Inc., as a defendant in this matter; discovery had revealed that Selective Homes, Inc. is one of the John Doe defendants. Selective Homes, Inc. is a North Carolina corporation with its principal place of business in Greenville, North Carolina. Plaintiff is a resident of Pitt County, North Carolina.

## DISCUSSION

"If at any time before the entry of final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, if after removal a plaintiff seeks to join an additional defendant whose would presence would defeat subject matter jurisdiction, a court may allow such joinder and remand the action back to the state court. 28 U.S.C. § 1447(e).

The sole basis for removal of this action was diversity jurisdiction as between plaintiff and the named Wells Fargo defendants [DE 1]. Complete diversity between plaintiffs and defendants is required in order for a federal court to maintain subject matter jurisdiction over a dispute. 28 U.S.C. § 1332; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As it appears that defendant Selective Homes, Inc., is a North Carolina resident [DE 45-1], complete diversity has been destroyed and remand of this matter to the state court is required. *Mays v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (district court is not permitted to retain jurisdiction after nondiverse defendant is joined).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 44] is GRANTED and this action is hereby REMANDED to Pitt County Superior Court.

SO ORDERED, this 8 day of May, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE